IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LARRY WASHINGTON, #82816                                                                 PLAINTIFF

VERSUS                                                     CIVIL ACTION NO.   4:07cv98-HTW-LRA

MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.                         DEFENDANTS

ORDER

The plaintiff, an inmate currently incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi filed this complaint pursuant to 42 U.S.C. § 1983. The defendants are Mississippi Department of Corrections, Christopher B. Epps, Major Morey, Dale Caskey, Warden Grimes, Lt. Mason, Lt. Thomas, Lt. Bennett, Unknown Horton, Capt. Grubb, Unknown Hursey and John and Jane Does. Upon review of the plaintiff's complaint and his response [7] filed October 9, 2007, the court finds that summons shall be issued and served on the defendants.

However, the plaintiff's requested relief on page 8 of his complaint for appointment of counsel or writ-writer is denied. There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990). Further, this is no constitutional right to be allowed to be represented by an inmate writ writer. Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996).[1]

---

[1] This court finds no merit in the plaintiff's reliance on Torns v. Armstrong, No.01-60393 (5th Cir. Nov. 22, 2002). The underlying case in Torns was a request for writ of habeas corpus relief, not like the instant civil action which is a request for monetary damages and declaratory and injunctive relief for conditions of confinement.

Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding in forma pauperis; it does not authorize the Court to make coercive appointments of counsel. See Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. See Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990); Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); and Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); and Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the Court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. See Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1084 (5th

Cir.1991); Jackson v. Dallas Police Department, 811 F.2d 260, 262 (5th Cir. 1986); Feist v. Jefferson County Commissioners Court, 778 F.2d at 253; and Ulmer v. Chancellor, 691 F.2d at 213.  It is also appropriate for the Court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees.  See Jackson v. Cain, 864 F.2d at 1242.

This Court is given considerable discretion in determining whether to appoint counsel. Ulmer v. Chancellor, 691 F.2d 209, 211 (5th Cir. 1982).  Plaintiff's complaint is well presented and contains no novel points of law which would indicate the presence of "exceptional circumstances".  Therefore, the plaintiff's request is denied.  Accordingly,  it is hereby,

ORDERED AND ADJUDGED that the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted.  Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

IT IS FURTHER ORDERED that the United States District Clerk is hereby directed to issue summons to the defendants,

> Mississippi Department of Corrections
> c/o Attorney General for the State of Mississippi
> Carroll Gartin Building
> 550 High St., Suite 1200
> Jackson, MS 39201
>
> Christopher B. Epps
> 723 N. President Street
> Jackson, MS 39201

Major Morey
East Mississippi Correctional Facility
10641 Highway 80 East
Meridian, MS 39304

Dale Caskey, Warden
East Mississippi Correctional Facility
10641 Highway 80 East
Meridian, MS 39304

Warden Grimes
East Mississippi Correctional Facility
10641 Highway 80 East
Meridian, MS 39304

Lt. Mason
East Mississippi Correctional Facility
10641 Highway 80 East
Meridian, MS 39304

Lt. Thomas
East Mississippi Correctional Facility
10641 Highway 80 East
Meridian, MS 39304

Lt. Bennett
East Mississippi Correctional Facility
10641 Highway 80 East
Meridian, MS 39304

Unknown Horton
East Mississippi Correctional Facility
10641 Highway 80 East
Meridian, MS 39304

Capt. Grubb
East Mississippi Correctional Facility
10641 Highway 80 East
Meridian, MS 39304

Unknown Horsey
East Mississippi Correctional Facility
10641 Highway 80 East
Meridian, MS 39304

requiring a response to the complaints. The Clerk is directed to attach a copy of this order, a copy of the order [5] filed October 12, 2007 directing the plaintiff to file a written response, and a copy of the response [7] filed October 9, 2007, to each complaint that will be served on the named defendant(s). The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

The plaintiff is advised that a summons will not be ordered to be issued for a "John/Jane Doe" defendant at this time. Once the plaintiff has determined the proper name and address of the John and/or Jane Doe defendants, he must file a motion with this court requesting that process be ordered to issue for these defendants. This motion must contain the proper name of the John and/or Jane Doe defendants and well as their address.

IT IS FURTHER ORDERED that the defendant(s) file his answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court.

IT IS FURTHER ORDERED that subpoenas shall not be issued except by order of the Court. The United States District Clerk shall not issue subpoenas upon request of the pro se litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review. The plaintiff shall submit all request for the issuance of subpoenas to this office for review.

IT IS FURTHER ORDERED that the plaintiff's requested relief for appointment of counsel or writ-writer is denied.

**The plaintiff should understand that this order allowing process to issue against the above named defendants does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

It is the plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.

THIS the 15th day of October, 2007.

                                       *s/ Linda R. Anderson*
                                       UNITED STATES MAGISTRATE JUDGE